UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANDREW BELL,

                              Plaintiff,

      v.                                                     9:17-CV-1357
                                                                        (DNH/DEP)

BRANDON SMITH, Superintendent,
Greene Correctional Facility, A. BECK,
Correctional Officer, Greene Correctional
Facility, JOHN/JANE DOE, Nurse
Administrator C, Greene Correctional
Facility, ALBANY MEDICAL CENTER,
and DR. ARSHAD SAMI,

                              Defendants.
_____

APPEARANCES:

ANDREW BELL
16-B-3139
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

### I. INTRODUCTION

       Plaintiff Andrew Bell ("Bell" or "plaintiff") commenced this action pro se by filing a civil rights complaint together with an application for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 9 ("IFP Application").

       By Decision and Order filed March 20, 2018, Bell's IFP Application was granted and

his complaint was reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 10 (the "March 2018 Order"). Upon that review, the complaint was determined to be subject to dismissal for failure to state a claim upon which relief may be granted.

However, in light of his pro se status, Bell was afforded an opportunity to submit an amended complaint. *See* March 2018 Order. Presently under consideration is plaintiff's proposed amended complaint. Dkt. No. 13 ("Am. Compl.").

## II. DISCUSSION

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the March 2018 Order and it will not be restated in this Decision and Order. *See* March 2018 Order at 2-4.

In the original complaint, Bell alleged that on February 11, 2017 he "fell into a diabetic shock seizure and was unresponsive[.]" Compl. at 2. Plaintiff claimed that defendant Correctional Officer A. Beck "misinformed medical staff that the plaintiff had overdosed on a narcotic substance[,]" which resulted in defendant Nurse Administrator "C" placing tubes in his arms, nose and penis before he was transferred to defendant Albany Medical Center. *Id*. at 3. Plaintiff further claimed that he was "mistreated as a[n] overdose patient on drugs" while at Albany Medical Center, and experienced harm as a result of the mistreatment. *Id*. at 3.

Defendant Dr. Arshad Sami was Bell's treating physician at Albany Medical Center. Compl. at 4. Plaintiff also named as defendants the Department of Corrections and Community Supervision ("DOCCS"), Greene Correctional Facility Superintendent Brandon

Smith ("Superintendent Smith"), and sued defendant Beck in her individual and official capacity. Compl. at 2. Plaintiff sought only money damages as relief. *Id*. at 5.

The March 2018 Order (1) construed the complaint as asserting Eighth Amendment medical indifference claims against each of the defendants; (2) dismissed with prejudice plaintiff's claims against DOCCS and defendant Beck in her official capacity; and (3) dismissed the remainder of plaintiff's claims without prejudice because the complaint failed to allege facts plausibly suggesting that any individual defendant who participated in the events that occurred on or about February 11, 2017, acted with deliberate indifference to plaintiff's serious medical needs. *See* March 2018 Order at 6-13. Although plaintiff referenced the Fifth, Ninth, and Fourteenth Amendments in his complaint, the March 2018 Order did not construe the complaint to have asserted a cognizable claim under any of these amendments. *See id.* at 6 n.5.

Bell has now submitted an amended complaint in which he re-asserts Eighth Amendment claims against all of the same defendants[1] based on allegations that are virtually identical to those made in the original complaint. *Compare* Compl. *with* Am. Compl. The amended complaint also asserts "due process," "duty of care," and "conspiracy" claims against the defendants, as well as a claim that defendants Smith, Beck, and Cole are liable under a theory of respondeat superior. *See* Am. Compl. at 5-7.

Since the amended complaint asserts Eighth Amendment claims against the same defendants based on the same facts and circumstances alleged in the complaint, and does not include any additional non-conclusory allegations that would plausibly suggest that any

---

[1] Plaintiff identifies defendant "Nurse Administrator C" in the amended complaint as "Nurse Administrator Cole." *See* Am. Compl. at 1. The Clerk is directed to update the docket to reflect this change.

defendant acted with deliberate indifference to Bell's medical needs on or about February 11, 2017, plaintiff's Eighth Amendment claims are again dismissed for the reasons set forth in the March 2018 Order.

Moreover, the amended complaint fails to state a due process claim against any of the defendants. To successfully state a claim under Section 1983 for denial of due process, a plaintiff must establish both the existence of a protected liberty or property interest, and that he or she was deprived of that interest without being afforded sufficient process. *Shakur v. Selsky*, 391 F.3d 106, 118 (2d Cir. 2004) (citing *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)). Due process generally requires that the state afford individuals "some kind of hearing" prior to depriving them of a liberty or property interest. *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003).

The amended complaint does not identify a liberty or property interest that Bell was allegedly denied by any of the defendants without being afforded sufficient process. In addition, plaintiff's "duty of care" claim, which sounds in negligence, "is insufficient as a matter of law to state a claim under section 1983." *Poe v. Leonard*, 282 F.3d 123, 145 (2d Cir. 2002) (citing *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986)).[2]

Because the amended complaint fails to state an underlying claim for relief under Section 1983, Bell cannot proceed with a claim for conspiracy to violate his constitutional rights. *See DeStefano v. Duncanson*, No. 08-CV-3419, 2011 WL 651452, at *4 (S.D.N.Y. Feb. 10, 2011) ("Having dismissed Plaintiff's § 1983 substantive claim, his related conspiracy claim must also be dismissed. A Section 1983 conspiracy claim against private individuals

---

[2] To the extent plaintiff has sought to assert his negligence claim under New York state common or statutory law, the Court declines to exercise jurisdiction over this claim because all federal claims are dismissed. *See* 28 U.S.C. § 1367(c)(3).

will stand 'only insofar as the plaintiff can prove the sine qua non of a § 1983 action: the violation of a federal right.'" (quoting *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)).[3]

Nor can Bell proceed with a "respondeat superior" claim against defendants Smith, Beck, and Cole based on alleged wrongdoing that occurred at Albany Medical Center Hospital. *See Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 112 (E.D.N.Y. 2011) ("Respondeat superior is not an independent cause of action, but a theory that must attach to an underlying claim."); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("Supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior."); *Green v. Leubner*, No. 9:07-CV-1035 (LEK/DEP), 2009 WL 3064749, at *1, *5 (N.D.N.Y. Sept. 22, 2009) ("Because respondeat superior alone cannot provide a proper basis for finding liability under section 1983 . . ., there is no basis for the plaintiff's claim against Leubner.").

In short, after reviewing Bell's amended complaint, and according it the utmost liberality in light of his pro se status, there is neither a factual nor legal basis for this action.

Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937

---

[3] The amended complaint is also devoid of any allegations which would plausibly suggest a claim of an explicit or implicit agreement between any or all of the defendants to violate plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (allegations that the defendants "willfully and maliciously agreed to subject" the plaintiff to harsh conditions of confinement "solely on account of his religion, race, and/or national origin" found conclusory); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (finding allegations of conspiracy "baseless" where the plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the conspirators"); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (dismissal of "conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights" is proper).

(TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."). Accordingly, for all of the reasons set forth herein and in the March 2018 Order, and because plaintiff has already had one opportunity to amend his claims, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted pursuant to Section 1983.[4]

## III.  CONCLUSION

Therefore, it is

ORDERED that

1. The Clerk of the Court shall update the docket to identify defendant "Nurse Administrator C" as "Nurse Administrator Cole";

2. This action alleging federal claims under Section 1983 is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;

3. The Clerk is directed to terminate all of the defendants and close this case; and

4. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: June 21, 2018
       Utica, New York.

United States District Judge

---

[4] Although plaintiff's federal constitutional claims are dismissed with prejudice, plaintiff is free to pursue any available state law claims in the appropriate state court.